Good afternoon. We're here to hear in Ray District Attorney Burke County and that's case number 25-3511. We'll begin with mister Summers. Good afternoon, your honors may I proceed? Yes, please. We're here today to discuss the district court's order requiring the York County District Attorney to essentially produce internal plea memorandum which I don't think there's any dispute that at least as far as the it applied to the underlying criminal action, it was subject to the attorney work product privilege. So, in short, what I'm asking for this court to do today is instruct the district court that a third party has the same rights as as pertains to a the work product privilege as a party does. Have we said that before? You have not but you have not said the opposite either, your honor. That's a big ask then in a mandamus posture, no? It is and I can get to that later on if you want because the court did order that we brief five different things but as far as the attorney client privilege is concerned, the fundamental underlying principle is so can speak freely internally. It sends chills down the spine of any government attorney, any in-house counsel if they can't write freely and if they have to expect that that document might be disclosed to some other party in the future when they just happen to not be a party to that action, it will certainly stifle internal debate, internal deliberation, internal conversation amongst attorneys as is the context here. Just the fact that I'm sitting here, I can tell you counties change their procedures because they don't want to be caught up in another situation where they're going to have to produce something like internal plea memorandum in the future based upon a third party subpoena which they have no as a third party, you have no ability to essentially have I won't say no ability but you have limited ability to object based upon relevancy because you're just getting a subpoena from the two other litigants and if they deem that it's relevant, it's it's hard to find. It's hard to believe that a district court judge is going to say, well, if the two parties believe it's relevant, he was a third party knowing nothing about the case don't really have standing to object based upon relevancy. So the bottom line is if we get a subpoena minus some other exceptions such as the attorney work product privilege, we're going to be required to produce that document and if we're required to produce documents and here we're talking about the internal plea memorandum, but what's preventing a litigant from saying, give me your internal emails, give me your internal whatever and we'd still be in the same situation where we'd have to produce those because what we're relying upon is our attorney work product privilege that frankly, I think it's pretty common that people generate not maybe in the private context, but it's certainly in government agencies. They generate internal documents either anticipated litigation. So you know if you're going to go the direction of government agencies, I'm a little curious why you aren't steering a little more into deliberate process privilege, which seems to be a privilege unique to I think executive branch agencies at the federal and arguably the state level. Is that something that you think applies or is that something that you just you just want to put it all in the lens of work product? No, your honor and that was the second leg of our objections to a two. What first was the attorney work product privilege, which the district court rejected without even seeing the internal memorandum and our second was a deliberative process privilege and with that essentially the district court said our affidavit was not detailed enough and in response to that the other courts that we studied in our brief required an affidavit, which is fine and then the district court took the time to look at it instead of accepting the naked assertion of the affiant and determine whether or not it was in fact a deliberative process here. The district court required that the internal plea memorandum be submitted in camera, but never subsequently ruled whether or not it was something that would be subject to the deliberative process. She just said the affidavit wasn't good enough and in that context, this is something we're trying to keep privileged. So you're always balancing how much information you want to provide in a publicly disclosed affidavit versus. Complying with the court's mandate, so it's it's a juggling act and this is not a mathematical you can you can always submit an affidavit under seal right you can always you know or ask you say hey look you know we've got an affidavit. We'll give you all the details you could ever want, but it's not going on. It's going on a dark docket. Well, we did that the court required that it be submitted in camera and the court never said this is not attorney client. It's not deliberative process. She just said her affidavit was not good enough and in my mind, the safeguard is the actual district court looking at it rather than just accepting the word for the affiant because the affiant has some stake in the litigation or the here responding to the third party, but the district court is a neutral arbiter of what is the deliberative process. So in our estimation, the affidavit itself, albeit required, should not be the linchpin to whether or not the district court determines whether or not it is part of the deliberative process. So to answer your question directly, Judge Phipps, we requested that it be withheld on both grounds and the district court rejected both of those. You know, Judge Welby started asking Judge Welby started asking about the availability of mandamus relief, which you know is is big, big, big and one of the things that you could you could have done is is taken a contempt and got this up here. No one wants to do that, of course, but sometimes just litigants, especially publicly elected litigants or the public officials have to have the courage of their convictions. Why isn't why should we look at if the option was to take a contempt? Your honor and. I guess I'll give you a practical answer and the answer we put in a brief. The answer we put in a brief is we're a law abiding bunch in your county and we we're want to follow the law, not disobey what a judge says. That is a very direct answer. Kind of a practical answer is to be completely candid. The judge gave us 48 hours and I was in court in another matter and I didn't even see it till we were 24 hours into it. So we had to make a quick decision on what avenue we wanted to produce knowing that the actual elected district attorney in your county did not want to be found in contempt for any reason whatsoever because he is in the business of enforcing the law rather than disobeying the law. So that's I guess it's clear of a candid answer that I can give your honor. The other issue that the court this court requested that we brief was an interlocutory appeal and that's out of the three options we would have put that one at the bottom of the pile just because kind of the awkward situation we're in. We're a third party. We're not a party exchanging documents where we know if this document is exchanged, it's going to resolve the claim, which is one of the issues as a third party. I know very little about this case compared to the litigants or the district court judge. So it would be difficult for me to say and then in fairness to the other side, they haven't seen this document so they can't either agree or disagree that if this document is produced, it's going to resolve the claim or likely resolve the claim, which is one of the issues in the case. So we're kind of in my mind in theory, we had three options, but in reality, we had two and out of those two the petition for mandamus was more palatable for the elected district attorney of York County and I do understand the procedural posture of where we are now, but nonetheless, we are the bottom line is we're requesting that the attorney client privilege apply to a non party and we're also asking that if you were inclined to remand this that the district court be directed to not only just look at our affidavit, but actually review the internal plea memorandum to see if it actually is part of the deliberate process and with all candor. If you look at that, which this court has, it's pretty clear that it is under any stretch of the imagination part of the deliberate process and frankly attorney work product. This probably is a question for you. Yes. I want to talk a little bit about the practical consequences of requiring the DA to take a contempt of order in a case like this. So the way I think about that, if we're talking civil contempt that there are options for the district court to either coerce enforcement or some kind of compensatory payments. It's not it's not clear to me that if we just send you back to the district court to take a contempt order like that that there's not going to be some money put in play and I would like to understand if you can help me as a practical matter. If the court does enter a civil contempt order or did and there wouldn't be penalties, but started ordering payments to coerce compliance, of course, the DA to turn over the order. Sorry the memo who would pay that as a practical matter, the taxpayer your honor and that's the district attorney is a steward of taxpayer dollars and I noted that in my brief. This court gives great leeway to the district court fashioning a remedy to include awarding attorney fees. So essentially in layman's terms, you put a gun to the district attorney's head. Does he want to rack up tens of thousands of dollars in legal fees to fight this be found in contempt only to come back here and ultimately get a decision from this court. But meanwhile, they're racking up a very huge tab on the other end and I don't know what all the remedies the district court has, but judges have a lot of power and and I'm sure that they can create discomfort for elected district attorney in your county and the taxpayers of your county. So that's another reason we were trying to avoid the contempt issue. So I understand the concern about the chilling effect that that public disclosure of this internal memorandum would have, but why would that not be greatly tempered by a protective order? Well, you mean a protective order where none of the parties get it your honor or a protective order that limits the disclosure only to the parties in this case and and with a signed confidentiality agreement such that it can't be distributed to the public that could potentially at least partially cure the issue, but it doesn't prevent other litigants following that same course of action. Let's face it. Lawyers are very creative, so you don't have to be that creative to make sure the district attorney in my context is not a party to an action subpoena something and either you can be a criminal defendant later on or figure out how to use that to say you're not being treated the same in the context of the district attorney. I guess I understand that the you know we're hearing a petition and so the the question is whether you know even setting aside whether you know your your client has has made all efforts to have have this issue heard short of mandamus. The question is whether you can you can wait until a subsequent appeal a formal appeal to have to argue your claims about deliberative process privilege and work product privilege and something so, but in the in the meantime, the protective order would would really curtail the the dissemination of of this document right so so why wouldn't that be sufficient to get you to the appeal with where then you could say look this was this was an improper enforcement of the subpoena. I'd say yes and no back to what I said before certainly other parties gonna travel down this path, but the other issue is from a practical perspective. I suspect that if it's disclosed the case itself will resolve either through jury trial or settlement and this entire issue will be moot and I'll never be back here to see whether or not that it was correct in the first place to require non party to produce internal plea memorandum. As a third party so so then but then if they're so like your fear is that other district courts would take it would follow the lead of this district court in an in an in an order that's you know not published anywhere and and and start also with requiring these. Well, the district court's order is obviously a public document and whether it be this court or the district court if they ordered a protective order that would be a public document and even though the other attorneys in the universe would not know what the internal plea memorandum was they would know the course of action to follow. I asked the district court to do it. The district court either says yes or if they say yes, then we just get a confidentiality or protective order in place and I can still get it anyway. So there's nothing preventing me from subpoenaing internal plea memorandum, which we're discussing here, but where does it stop internal emails that the attorney send back and forth? I mean you know sooner or later though work product and deliberative process are qualified privileges and so a qualified privilege means with a sufficient showing of need they can be beaten and so you're worried about kind of you know the cheat code getting out, but the cheat codes in the federal reporters, you know we already have that everyone knows that it's a qualified privilege. I mean the flip side of a qualified privilege is there tends never to be a subject matter waiver for qualified privileges and so We can say you need this part and this part and so you get a lot of flexibility with qualified privileges, but I guess I guess the notion of oh, we don't want anyone to know how to get this. The answer is everyone knows how to get it. You just say so what if it's privileged we can beat it. Our showing of need is so great. Well, your honor and I appreciate the question because I wanted to answer that earlier. I do think that if we're subject to the same standard that a party is we would still be subject to what you're suggesting, which is they can show undue hardship that they can't get it any other means and again. I don't they had all the tools of discovery, so I really doubt that they can establish that, but even if they can establish that as your honor knows the mental impressions from the attorney. It's not an absolute bar to get that, but the standard is so high. I can't imagine a situation in this context where they would be able to get the mental impressions from a county district attorney. So the standard you're correct that it's not an absolute bar, but the standard is extremely high and I'd have a different argument if they said hey for whatever reason we can't get something through the normal discovery process. I would have a different argument the mental impressions. II can't even fathom how they could overcome that hurdle. So II guess I don't know that there's a difference here, but what if this wasn't a subpoena for docs, but a subpoena for testimony where you said we'd like we you know we'd like to talk to the to the ADA who wrote this and we'd like to talk to the DA who received it. We'd like to talk to everybody else forget the memo. That's too hard. We don't want that. We just we just want we just want to know what they were thinking and that would you say that would you say there that the answer is you have to take a contempt or you could mandamus a ruling that said those depots have to go forward or would you tease that out and depo through objection and motions for protect? How do you do that? I if I was going to get down the road of all the potential things like I use the example of internal emails, the next logical step is deposing the ADA and yes, we would figure out a way and you know, I don't know that we file petitioner mandamus or be found in contempt, but we would we would fight that frankly. I mean, but there is no logical distinction between requiring someone to produce a written document versus have them depose and just say it if you could do one. I don't know why you couldn't do the other one because it's essentially the same discovery tools, albeit one you're saying give me the document other one. I want you to say it so if you can get the document logically, I don't know how you could require that they couldn't be deposed if you're a non party and you're unable to invoke the work product privilege or the delivery of process privilege. It just makes no logical sense. What would the difference be that a different person would have to take contempt on the document issue? Maybe it's the DA himself that has to take contempt, but on a depo issue, it would be the ADA that has to take the contempt. I guess it would depend on who the subpoena was directed to whether it be like a corporate designee or whether it would be directed to the ADA in this context. The ADA was essentially a brand new attorney. It was more or less your your version of a law clerk writing a letter to a memo to the judge, but and I'd have to think about it, but the actually our district attorney or district attorney at the time is now the attorney general and we have Tim Barker is a new district attorney, so I don't know who we're going to find in contempt, but I'll deal with that when I when and if I get it, your honor. It's just one last thing if I well, I I see I'm over my time very briefly. Yeah. I'll wait to rebuttal. Thank you. It is Boyer Cohen. Afternoon, your honors may it please the court Kimberly Boyer Cohen for the respondents. The respondents are not trying to make a general law that documents are always discoverable from the DA when asked no matter what, which is somewhat what the attorney for the district attorney was insinuating here. Instead, we are arguing that based on the specific facts of this case, the district attorney did not meet their burden of demonstrating that either of these privileges apply to this document. I also just want to quick clarify that a few times opposing counsel. I believe reference the attorney client privilege, but I want to make clear that that's not an issue here because that was never raised. And there was also I think there was a mention that the document there was some argument about the relevancy of the document that also has never been raised as a basis for not producing it. There has never been any indication that this document is not relevant to these claims. Can I just I think you're right that those are off the table. At least that that's how I see it. Can I just direct you to I think the the two elements in the one process point for asserting the deliberative process privilege. I think it's pretty canonical formulation of the privilege that there's two elements. The document must be pre-decisional and it must be deliberative, meaning it can't just be a whole bunch of facts. And then I guess the process points are it applies to executive branch entities and it must be asserted by the head of whatever the relevant branch is. If that's our checklist, do you have any is there any doubt here that this document is something other than pre-decisional? There is, your honor. First of all, there's actually three requirements. One is that the head of the agency personally reviews it and writes the affidavit or makes the assertion, which in this case was done the second time around when Mr. Barker wrote the affidavit. The first time that was not done and it was invalid. The other two are in the party opposing production, in this case, the DA must make specific designation and description of documents claimed to be privileged. Again, that was not done. All that was said was it was an internal memorandum. However, the affidavit. More than that. I'm more than just I think if you look at Redland Soccer Club or the more recent decision in internal memorandum gets pretty close, but there's also a discussion of evidentiary issues as a quote possible plea agreement options is another quote. Candid assessment of the case is another quote and you go paragraph by paragraph. There's some pretty good nuggets in there. There are your honor, but they are just they're buzzwords because they also said it consists of a discussion of the evidence. That's facts. It included an assessment of the case. I'm sorry. When you say that's facts, you mean it's factual material. So factual material is not covered by the work and if it can be prosecutors plucking out of what is significant factual material relative to a trial record in the context of a case with a long history, those decisions about what to pluck out and significance to could be more than non factual that reflects judgment. No, that's not what was said in this in this affidavit though. All it was said was it was a thorough discussion. There was no indication that anything was plucked out or that there was an analysis of it in Redland Soccer, which is a that's a remand case. I think that's the one that you rely on for the the deliberative process point. Um the the declaration there, there were more documents in that case and the declaration listed out four categories um to assert the deliberative process privilege and the categories are things like quote draft documents intended only for internal review, comments on draft documents, internal pre-decisional notes and memoranda and we didn't say flat out privilege doesn't apply. We said district court. It looks like you got a little bit hanked up on the the balancing part of the qualified privilege here. Why don't you go back and try again but that's a part of the record in Redland Soccer and the other case that I'm referring to Abdel Fattah is a 2007 case from the court. The only part of the declaration from ICE that we emphasize in that case said quote between the agency's support and seniors. So something you know five or ten words to establish a communication between a subordinate and a senior um in that case was enough to invoke the privilege and so if anything I see more than that here and I'm wondering what the the basis in in our case on the third circuit is to justify a going counter frankly to these two cases. Um two points your honor. First um in several district court cases um the the district court looked at the document in camera but also relied on the affidavit because while reviewing the document in camera can tell you to an extent um what is in the document. It can't meet the burden of then this came to my third point that needs to be proven is that there are precise and certain reasons for preserving the confidentiality. So is your point that the in camera review cannot be part of what the DA relied on here to meet his burden under the deliberative process privilege? No your honor. It just means he also had to meet his burden in the affidavit and to be deliberate for that but because from my there's a record here. There's a affidavit from a prosecutor and I understand your point about Reynolds. I don't think that's well established in this context but I understand that the district court opinion saying that. So there's that affidavit. There's the the memo that the district court reviewed. To me that's part of the record that bears on the the privilege determination that we're talking about and then there's the DA's affidavit and and I don't see it but I'd love for you to tell me what is the law that says that all three of those documents are not the part of the record for this determination. Your honor, they are part of the record, but in order to get mandamus relief, the DA has to prove that there was a clear and undisputable abuse of discretion. It is a very high standard. It is a high standard, but I think on deliberative process, we've talked about two cases. They're is on the DA, but the elements are pre-decisional and deliberative. The district court didn't use that word was instead focused on confidential. We've not looked for a whole lot in the in the decisions that are cited about what it means to be pre-decisional and deliberative and especially in the context of a case where the district court actually took a peek at the memo itself and and we have as well. What more would you have the DA do? Well, in this case, well, to be deliberative, the information has to reflect the process the agency used to reach the decision, but the DA's affidavit actually belies that because he said, I approved of the plea agreement independently from what was stated in the internal memorandum because I had a thorough and independent knowledge of the case, both from being a prosecutor in this at the time of the original trials and my review of the plaintiff's brother's case for a potential re-penalty phase. Isn't that language just intended to address a different part of the deliberative process privilege that says that when the agency creates a makes a final decision separate from the document that maybe the privilege doesn't apply? Your honor, we don't know what that was intended for and again, this goes to the DA's burden. We don't know that because you haven't seen the memory yet, but the district court knew the answer to that question and we know the answer to that question and isn't that maybe the way that it should be for a document like this? Yes, but the district court did look at it and did reach its decision and there was nothing in the mandamus petition that meets that burden, that high mandamus burden of proving that there was a clear and indisputable abuse of discretion. Simply using buzzwords and and basically at this point, the DA is trying to put the burden on. I mean in the petition at one point or in the supplemental, the the DA said the DA said that the district court didn't review the document, but in other documents, he said that they did review the document. So the burden here was solely on the DA both at the district court level and in this court and that is what we are basing this case on not some general law that we want declared where everything is discoverable. I mean there's cases where similar documents have been produced. It's not unheard of. It all comes down to the specific facts of those cases and whether the burden was met in having that those privileges cover these documents and again in this case. I'm sorry your honor. Did you know? No, I just I know that I know that you don't have access to the doc, but if the doc in the district court saw it and we've seen it and if the doc appears to be pre decisional and deliberative, then aren't all three elements met? Then you know we're looking at it. You haven't seen it. You know, this is the problem of information asymmetries and litigation, but it's also the reason that there's in camera view because sometimes you say we're just going to solve that by having a neutral arbitrator look at that and but if we're looking at the doc and we say well, the affidavit was by the right person. The doc is pre decisional and the doc is deliberative, then then the privilege should be applied right. No your honor because there still have to be precise and certain reasons for preserving the confidentiality, which again goes back to I don't I don't I might. I'm not sure about that. I think that that is. You know, I think a lot of that goes to the qualified nature of the privilege in that that's how you defeat the the liberative process privilege by saying there aren't those, but I think you can make a prima facie showing differently. I think you make it by just pre decisional and deliberative. You're right. You can overcome it if there aren't precise reasons for it, but but where do you find that in the burden? Is that in Redlands soccer? Is that in the other case or where do you where do you come up with that language? I believe it was in Redlands soccer, but I would go back and look, but as your honor said, it is a qualified privilege and in this case, although you know the district attorney has has suggested that. There should be other ways to get it from other means. I mean that's a disingenuous argument. Of course, there's no other way to get it because it's in their possession and they're telling us we can't have it. He's also saying we can't. he just said today we can't depose the the ADA's so there is no other way to get it and so under that we can meet these requirements that it's overcome because it is it is necessary in this case and relevant. Could you just address Mister Summers point that he as as I understood it, he was saying it was not 1292 B was not really an available option because as a non party his client doesn't know the case. What's your view on that? Well, my view on that is there are specific standards to to be met in obtaining twelve B relief, but there was no attempt to even make those in this case and in in situations where the moving party or the the opposing party has not even attempted in any way shape or form. There was no language in a proposed order. Nothing all the only basis that has been asserted in the in the petition and in the supplemental briefing was that they just he just felt that it it was pointless because the court had already ruled in their favor in our favor, but this court in Coleman versus system one in that case the the opposing party said that the reason for not asking asking the district court to certify it was that the request would be futile because the district court denied their motion for reconsideration in an order that said it didn't need to be vacated to correct a clear error of law, but this court said that even that order where it said that were referenced a clear error of law law was not sufficient to establish the futility of seeking certification based on a substantial ground for difference of opinion as to a question of law. So in this case, it was never put out there and in fact it it wasn't even. Discussed in the petition to this court while the district attorney in the petition referred to contempt as an option and and discussed why he didn't feel that was an option. There was no reference to 1292 be even in the mandamus petition to this court, so it's never been attempted it. There's no indication and does the district courts stay of its order pending resolution of this mandamus petition have any bearing on our view of of options available to the petitioner here. It does your honor because it shows that the district court does understand the issues here and and that also goes to the contempt issue. I mean is there a chance that the district court would issue monetary sanctions possibly, but there's no indication of that and you know the other circuits in similar situations have found that DA's can still take contempt and there's nothing preventing them from doing that. There's public policy standards regardless and that it is an adequate alternative means and in this case, I think that the district court stay of this does lend itself to showing that the district court understands the issues. Okay. Thank you very much. I'll be very quick your honors unless you have a lot of I wanna clear up some facts if I apologize to my friend if I either misspoke or miswrote something in my brief, the chronology of the district court's decision is as follows. We filed essentially our objections to producing in a response to motion to compel our objections on two grounds one attorney work product and to deliver the process. The the internal plea memorandum. So the first decision is basically denied. I don't need to see it and after that she said you can file another affidavit and by the way, give me the internal plea memorandum so I can decide whether or not it's a deliberative process. So it's twofold if I didn't articulate that property to the court of my friend, I apologize, but that was a chronology and how it play it out. So at least for the deliberative the court said it literally said that attorney work products irrelevant if I'm a non party, that's a footnote in the opinion, but for the deliberative process, she just said the affidavit is not good enough. So that is the way that chronology played out. so if I misspoke or said anything along those lines, I apologize. We have to keep in mind the context of this situation when I just heard you can't get the facts any other way. This is a case that apparently went bad for whatever reason. There's literally a transcript so to suggest you can't get the facts that probably a twenty-five-year-old attorney wrote an opinion on she wasn't present for this that happened in 90. She was probably a toddler. so she literally read the transcript and figured out what they said. She wasn't had no first-hand knowledge of this. She read the public pleadings in the transcript and then came up and I heard the comment about The facts well as an attorney, the district court knew the litigants litigation council know we all know that you have to apply the facts to the law to make evidentiary recommendations whether you're the law clerk or whether you're the associate or whether you're the junior ADA. So all these facts are obviously available to the litigants in this case because they literally have a transcript. We're not relying upon memories. It's in a transcript so they have all the facts. I'm not sure that the the facts of what happened at the criminal trial are what what we saw by the subpoena. I mean, I think that I think the question is what the DA's office knew at a given time right. I mean in terms of like the civil liability. Well, I believe they want to know what the police officer know that's the gist of their claim. It's not against us or or what the police officer knew and may have communicated to the DA's office right. I'm trying to I mean, I know what the memo says. I'm trying to I mean, I don't want you to get into what the what the memo says, but but you know, I I think that when mister Barker submitted his affidavit, he he said some things that the memo didn't say right and he was responding to what they were looking for and it wasn't it wasn't just things that could be read from could be gleaned from the the criminal transcripts. Well, I believe what you're referring to is the one paragraph in the affidavit where he said it didn't comment on any police wrongdoing or something to that effect and that is only because we know the general gist of their lawsuit because the complaints a public document and we figured that was what they were looking for. so we thought maybe that would calm things down and disclose at least that amount that it didn't comment on any police officer wrongdoing. so that is part of the context of the situation or the litigation is why we put that paragraph in there. So anything further alright. Thank you. Thank you. Have a good day.